**In re Hugh F. WILHOIT, Hugh F. Wilholt d/b/a Central Tire & Supply, Debtor.**

**Robert B. CARTER, Trustee, Plaintiff,**

v.

**GREENE COUNTY BANK and Mid–East Power Equipment Company, Defendants.**

**Bankruptcy No. 3–80–00762.**

United States Bankruptcy Court, E. D. Tennessee.

Oct. 9, 1980.

Robert B. Carter, Johnson City, Tenn., Trustee, pro se.

O. C. Armitage, Jr., Greeneville, Tenn., for defendant Greene County Bank.

Eric D. Christiansen, Greeneville, Tenn., for defendant Mid–East Power Equipment Co.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

### I

In this "trade name" controversy under the Uniform Commercial Code, the trustee contends that the defendants did not perfect a security interest in the debtor's equipment and inventory pursuant to T.C.A. 47–9–402.[1] The facts are not disputed. Since 1968 the debtor, Hugh F. Wilhoit, has operated a business in Greeneville, Tennessee, using the trade name Central Tire and Supply. Defendant Mid–East Power Equipment Company filed a financing statement covering certain items of equipment and inventory held by the debtor. The amount secured is limited to $15,000. Defendant Greene County Bank entered into a floor plan agreement with the debtor in the amount of $75,000, which was subsequently increased to $125,000. Notes signed by the debtor were secured by the debtor's inventory. Greene County Bank also filed financing statements.

The trustee's position is that neither defendant complied with the requirements for perfection of a security interest enacted by T.C.A. 47–9–402. According to the trustee the financing statements are invalid because each improperly shows the name of the debtor to be "Central Tire and Supply" rather than "Hugh F. Wilhoit." Defendants maintain that, because the debtor operated Central Tire and Supply for some twelve years in a relatively small community, creditors had adequate notice that the debtor did business as Central Tire and Supply. This court is urged to reconsider its decision in *In re Humphrey*, 12 UCC Rep. 986 (Bankr. Judge DC ED Tenn.1973). In dictum it was stated that a financing

---

1. "(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. . . ." T.C.A. 47–9–402.

statement filed under the trade name of a sole proprietorship was invalid as against a trustee in bankruptcy.

## II

The purpose of the financing statement is to give creditors notice of the possibility of the existence of a security interest. T.C.A. 47–9–402 (Official Code Comment 2). To allow financing statements to be filed under a name other than the actual name of the debtor would frustrate the purpose of the UCC filing requirement. *In re Firth*, 13 UCC Rep. 343 (DC MD Ga.1973). The courts have as a result formulated the following rule:

"... a financing statement, in order to perfect a security interest, must, in the case of an individual, or individuals, doing business under a trade name show the name of the individual legally responsible for the debt unless the trade name and the individual debtor's name are so similar that a prospective creditor, upon seeing the trade name in the records, would be alerted that there might be a prior security interest in the involved collateral." *In re Fowler*, 19 UCC Rep. 322, 328 (DC WD Okla.1975).

On the basis of the decision of the 9th Circuit Court of Appeals in *Siljeg v. National Bank of Commerce of Seattle*, 509 F.2d 1009 (9th Cir. 1975), defendants ask this court to consider the length of time the debtor had operated Central Tire and Supply, and the size of the community in deciding whether the filing mistake is seriously misleading.[2] In *Siljeg* two corporations, Empire Packing Co. and Henry House Packing Co., Inc., merged. Empire Packing Co. was to be the surviving corporation but its name was to be changed to Henry House Packing Co., Inc. After the merger had occurred but before the name change had been certified by the Security of State, a financing statement was filed on the Henry House Packing Co., Inc. At this time Hen-

ry House no longer existed, Empire Packing being the survivor. In deciding to remand the case for a further determination of the facts, the court stated that the test to be applied is whether information was

"... available in the relevant business community which put creditors on notice that they should have searched financing statements under the name Henry House Inc. ..." *Id.* at 1013.

The court, however, distinguished between the cases in which the statement was filed under a trade name and the cases similar to *In re Gustafson*, 14 UCC Rep. 231 (Bankr. Judge DC WD Okl. 1973). The debtor's name was Gustafson, but for years his business dealings had been conducted under the name Gustavsen. Financing statements were filed on Gustavsen. This mistake was found not seriously misleading. After making the distinction between the two types of cases, the court provides no guidance as to whether the test set forth applies to trade name cases, where different considerations are present. Without a definite holding on the present question, this court will not extend the test to trade name cases.

## III

Since the financing statements were filed under the debtor's trade name, the defendants' security interests are unperfected and subordinate to the rights of the trustee in bankruptcy. T.C.A. 47–9–301(1)(b), (3), 11 U.S.C. § 544(a).

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

**2.** The schedules filed by the debtor reflect seven trade creditors with places of business in Greeneville, Tennessee, seventeen in other locations, including the states of Tennessee, North Carolina, Georgia, Pennsylvania, and Missouri. Thus, the necessity for a Uniform Commercial Code with uniform construction is readily apparent.