**In re Louis A. and Wanda I. MIRAGLIA, Debtors.**

**LINCOLN FIRST BANK, N.A., Plaintiff,**

**v.**

**Louis A. and Wanda I. MIRAGLIA and Louis A. Ryen, as Trustee, Defendants.**

**Bankruptcy Nos. 80–21479, 80–2218A.**

United States Bankruptcy Court,
W. D. New York.

May 14, 1981.

Lacy, Katzen, Ryen & Mittleman by David D. MacKnight, Rochester, N. Y., for debtors.

Nixon, Hargrave, Devans & Doyle by Thomas E. Reidy, Rochester, N. Y., for plaintiff.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Lincoln First Bank, the plaintiff, has moved for summary judgment. The trustee is opposing on various grounds. Arguments have been made, briefs have been submitted and the matter is now ready for decision.

The facts follow. On February 16, 1977, Lincoln First Bank, hereinafter referred to as Lincoln, granted the debtor and his partner a $50,000 loan for the operation of a business which was called Louie's Delli. Louie's Delli was located in Steuben County. On that same date, the debtor and his partner executed a security agreement which granted Lincoln a security interest in all their property, namely, equipment, furnishings and fixtures. The following day Lincoln filed a UCC–1 financing statement to perfect that security interest.

In 1978, the partnership was dissolved and Louis Miraglia, the debtor herein, continued to operate as Louie's Delli. He con-

tinued under the same name and he continued at the same address.

In early 1979, Lincoln permitted the debtor to consolidate his obligations and a new promissory installment note was made on May 10, 1979. This note was between the debtor individually and Lincoln. After that, the debtor moved his business from Painted Post in Steuben County to Corning in Steuben County where he continued to operate the business until he filed his petition in bankruptcy in October of 1980.

The property, covered by the $55,000 lien, is worth less than $25,000. For a short time before he went out of business, the debtor operated his business under the name of the Pizza Pit.

The trustee has raised a number of affirmative defenses. The first affirmative defense is that the security agreement is effective only against the partnership and not against Miraglia as a sole proprietor. But partners are jointly liable for all debts and obligations incurred in course of a partnership business (New York Partnership Law § 26). The debtor has a personal liability for the debt. A partnership liability or obligation survives dissolution, (New York Partnership Law § 67); and where a partnership is dissolved, but one partner continues the business, he assumes all prior business obligations even if the retiring partner secures a release from the partnership's creditors. *Bank of United States v. Moskowitz*, 150 Misc. 629, 268 N.Y.S. 705 (1934). Therefore, the dissolution of the partnership does not relieve Miraglia of the obligations he incurred by signing the 1977 security agreement.

The next issue raised by the trustee is that the UCC–1 filed by Lincoln in 1977 is insufficient to perfect the Bank's interest in the debtor's property because it does not reflect the dissolution of the partnership, the change of location and change of name. There is no dispute that the UCC–1 was proper, sufficient and effective at the time it was filed. UCC § 9–401(3) provides that a filing which is made in the proper place within the state remains effective even though the debtor's residence or place of business or the location of the collateral may change. The Bank was not required to amend the financing statement to reflect the dissolution of the partnership and eventual change of the name because the debtor continued to do business in an individual capacity despite the use of different names and a financing statement which lists the debtor even though he changes the name that he does business under is protected by UCC § 9–402(7). Under that section, a creditor or third party would be required to search under the name of Louis A. Miraglia whether he did business as Louie's Delli or Pizza Pit.

The final assertion by the trustee is that Lincoln never perfected its interest in fixtures because it failed to meet the special fixture filing requirement of UCC § 9–402(1) and (5). This contention has no merit since none of the debtor's property is of the type which comes within the meaning of "fixtures" as defined by UCC § 9–313(1)(a).

As a result of the foregoing, Lincoln's motion for summary judgment is granted and it is so ordered.