**In re Joseph Michael WHITE, d/b/a Kalthoff Heating & Cooling, Evaline White, Debtors.**

**Bankruptcy No. 3–85–00367.**

United States Bankruptcy Court, E.D. Tennessee.

Aug. 6, 1985.

**515**

McCampbell & Young, C.A. Ridge, Jr., Knoxville, Tenn., for John P. Newton, Trustee.

Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Craig J. Donaldson, John S. Hicks, Knoxville, Tenn., for First Tennessee Bank Nat. Ass'n.

## MEMORANDUM AND ORDER ON OBJECTION TO CLAIM NO. 19

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether the interest of a secured creditor remains perfected where the original secured debtor is converted from a partnership to a sole proprietorship but continues to do business under the same name in which the creditor's financing statement is filed. The debtors' trustee in bankruptcy challenges the sufficiency of the trade name filing. The secured creditor contends it properly perfected through filing in the partnership name when it made the secured loan and asserts it did not have a duty to amend its financing statement when the partnership dissolved. Tenn.Code Ann. § 47–9–402 (1979).

I

The facts are stipulated. On March 18, 1985, Joseph White and his wife, Evaline White, filed their chapter 7 petition. Between October 5, 1984, and the petition date Joseph White did business as a sole proprietor under the trade name Kalthoff Heating & Cooling (Kalthoff). Prior to October 5, 1984, Kalthoff was a partnership composed of Joseph White and Sid Harrel.

On November 4, 1983, White and Harrel executed a $180,000 note to First Tennessee Bank (FTB) in consideration of a loan to the Kalthoff partnership. To secure payment of the note, on behalf of Kalthoff, Joseph White executed a security agreement granting FTB a security interest in the partnership's accounts receivable, inventory, machinery, and vehicles, then owned or thereafter acquired. White also executed a financing statement in which Kalthoff is identified as the debtor. This financing statement was filed locally on December 16, 1983, and centrally on January 12, 1984.

On July 19, 1984, White and Harrel executed a $35,000 note to FTB on behalf of, and in consideration of a loan to, the partnership. Contemporaneously, Harrel executed a security agreement covering all of Kalthoff's accounts receivable attributable to TVA contracts then owned or after-acquired. A financing statement was filed in Kalthoff's name with the Tennessee Secretary of State.

The Kalthoff partnership was dissolved pursuant to an agreement dated October 5, 1984. FTB was a party to the dissolution agreement.[1] Subject to the interest of FTB, Harrel transferred his interest in the assets of Kalthoff to White, who continued to do business as Kalthoff Heating & Cooling. FTB did not file an amended financing statement to identify Joseph White as its debtor.

FTB has filed a secured claim for $213,243.24 plus interest. Objecting, the trustee

---

1. Dissolution of its secured debtor was a term of default under the security agreements held by FTB. FTB, however, assented to Harrel's release and· Joseph White's assumption of sole responsibility for Kalthoff's debt to it.

seeks disallowance as a secured claim because FTB did not file a financing statement in the name of Joseph White.[2] Insisting a secured party is not under a duty, under the Tennessee Uniform Commercial Code, to amend its financing statement to reflect a change in the structure of its debtor, FTB asserts the court should overrule the trustee's objection.

## II

Tenn.Code Ann. § 47–9–402 (1979) enacts in part:

> *Formal requisites of financing statement—Amendments.*—(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral.
>
> .    .    .    .    .
>
> (4) The term "financing statement" as used in this chapter means the original financing statement and any amendments....
>
> (5) A financing statement substantially complying with the requirements of

this section is effective even though it contains minor errors which are not seriously misleading.

Unlike its counterpart in the 1972 version of the Uniform Commercial Code, Tenn. Code Ann. § 47–9–402 (1979) does not explicitly impose a duty upon a secured creditor to amend its financing statement when a debtor so changes its name that a filed financing statement becomes misleading.[3]

■ Generally, a financing statement must be filed in the secured debtor's real name. Absent substantial similarity, the use of a trade name instead of the debtor's real name is seriously misleading even though the trade name is widely known and used. *Van Dusen Acceptance Corp. v. Gough (In re Thomas)*, 466 F.2d 51 (9th Cir.1972); *Carter v. Greene County Bank (In re Wilhoit)*, 6 B.R. 574 (Bankr.E.D. Tenn.1980). *But see National Bank v. West Texas Wholesale Supply Co. (In re McBee)*, 714 F.2d 1316 (5th Cir.1983) (in some cases filing under trade name provides equal, if not superior, notice to creditors); *Pearson v. Salina Coffee House, Inc. (In re Beacon Realty Inv. Co.)*, 44 B.R. 875 (Bankr.D.Kan.1984) (filing under debtor's actual name would have been mis-

---

**2.** The court recognizes that the trustee tacitly modified his objection to the FTB secured claim. In his brief the trustee limits his objection to the extent FTB claims its debt is secured by property of the debtor's business acquired after dissolution of the partnership. (The trustee also challenged the adequacy of the description of collateral as "machinery" in FTB's security agreement.)

**3.** U.C.C. § 9–402(7) (1977) recites:

> A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or names of partners. Where the debtor so changes his name or in the case of an organization its name, identity or corporate structure that a filed financing statement becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired by the debtor more than four months after the change, unless a new appropriate financing statement is filed before the expiration of that time. A filed financing statement remains effective with respect to collateral transferred by the debtor even though the

secured party knows of or consents to the transfer.

The Tennessee legislature only recently enacted, effective January 1, 1986, the 1972 amendments to Article 9 of the U.C.C. Cases involving U.C.C. § 9–402(7) are immaterial to the issue before the court. See *Richmond Fixture & Equip Co. v. Hyman (In re Southern Properties, Inc.)*, 44 B.R. 838 (Bankr.E.D.Va.1984) (U.C.C. § 9–402(7) contemplates further inquiry beyond search of filing records); *First National Bank v. McDonald (In re Lane)*, 41 B.R. 285 (Bankr.N.D.Tex.1984) (refiling financing statement not required when original filed under trade name and structure of business changes from partnership to sole proprietorship); *Lincoln First Bank v. Miraglia*, 11 B.R. 77 (Bankr.W.D.N.Y.1981) (bank creditor not required to amend financing statement to reflect dissolution of partnership); *Matto's Inc. v. Olde Colonie Place*, 8 B.R. 485 (Bankr.E.D. Mich.1981) (filed financing statement remains effective where original secured debtor sells collateral with consent of secured creditor but subject to its security interest).

leading because name not known to creditor or public).

*Burnett v. H.O.U. Corp. (In re Kalamazoo Steel Process, Inc.)*, 503 F.2d 1218 (6th Cir.1974) also involved a bankruptcy trustee's claim that a secured creditor's interest was unperfected because the creditor's financing statement was misleading. The secured creditor in *Kalamazoo* filed a financing statement identifying its secured debtor as Roman Industrial Corporation. The parties' security agreement explicitly recited their expectation that in the near future the secured debtor would change its name to that of the secured party (Kalamazoo Steel Process, Inc.). Although the name change was effected as anticipated, the secured creditor did not file an amended financing statement. Reversing the district court, which found it was not necessary to refile because the Michigan U.C.C. did not expressly require refiling when a secured debtor changed its name, the court of appeals concluded:

> [T]hat a secured creditor, having knowledge at the time of the execution of the security agreement, that the debtor contemplates at a future time changing its name to a particular new name, and nevertheless proceeds to extend credit knowing that the original filing of a financing statement will not reflect the change and will therefore mislead and deceive potential creditors and purchasers, forfeits his protected interest when the change of name occurs unless he perfects the filing under the Code by one of the methods herein indicated. By pursuing such course, the secured creditor protects his own interest in the collateral and at the same time promotes one of the principal purposes of the Code to obviate secret liens.

*In re Kalamazoo*, 503 F.2d at 1224.

FTB distinguishes the instant case from *Kalamazoo* in two respects: (1) the secured party in *Kalamazoo* knew at the time of the original agreement that its debtor would change its name; and (2)

*Kalamazoo* involved purely a change in the debtor's name rather than a change in structure where the debtor continues to operate under the same name. The first distinction is simply not significant given the purpose of a financing statement—notice to third parties of a security interest. FTB undeniably knew about the dissolution of the partnership and could easily have avoided any misleading through refiling in Joseph White's name. The second distinction overlooks the fact that when the Kalthoff partnership dissolved the identity of the secured debtor changed. Under the partnership dissolution agreement Joseph White became solely liable for the FTB debt.[4] A party searching the records would not discover FTB's lien unless the party knew White did business under the Kalthoff trade name.

FTB contends that *Corwin v. RCA Corp. (In re Kittyhawk Television Corp.)*, 516 F.2d 24 (6th Cir.1975) holds that, under the 1962 U.C.C., a secured party with notice of a change in its debtor's name is not under a duty to amend its financing statement. The change of name in *Kittyhawk* was from "Kittyhawk Broadcasting Corporation" to "Kittyhawk Television Corporation." The court of appeals concluded this was a minor change of name and that the names were sufficiently similar to put a party searching the records on notice. Writing for the court, Judge Miller stated:

> This situation is to be distinguished from an intentional name change expressly provided for in the security agreement itself where the new name so provided for bears no resemblance to the former name of the debtor. *In such a situation we have held that the threat of a secret lien outweighs any additional burden on the secured party to amend its financing statement or to file the security agreement itself as a financing statement as the Code permits. See* In Re Kalamazoo Steel Process, Inc., *supra.* Since under the facts of the present case there was little danger of a

---

**4.** Under Tennessee law, White and his partner Harrel were jointly and severally liable for the Kalthoff partnership debts. Tenn.Code Ann. § 61–1–114 (1980).

secret lien, the difference in names should be considered as minor and not seriously misleading. (emphasis added) *In re Kittyhawk,* 516 F.2d at 28–29.

There is no similarity between the name Joseph White and the trade name Kalthoff Heating & Cooling. A party searching the records who is unaware of White's ownership of Kalthoff would not discover the FTB security interest. Where the 1962 version of the U.C.C. controls and the secured party knows of a change in name of its debtor which might mislead third parties, the Sixth Circuit favors requiring the secured creditor to amend its financing statement. *In re Kalamazoo, supra. See also Hadley v. Data Dynamics, Inc. (In re West Coast Computer Services),* 19 B.R. 170 (Bankr.M.D.Fla.1982) (secured party had affirmative duty to record originally or amend to identify successor debtor); *In re DG & Associates, Inc.,* 9 B.R. 94 (Bankr.E. D.Tenn.1981) (security interest unperfected where secured creditor had notice of change in debtor's name which rendered original financing statement misleading).

■ Despite knowledge of dissolution of the Kalthoff partnership and transfer to Joseph White of the partnership assets, FTB failed to file an amended financing statement in White's name. The FTB financing statement, not filed in the name of its debtor, is seriously misleading. The trustee's objection to the FTB secured claim is SUSTAINED.

IT IS SO ORDERED.