**In re Gary A. and Anne M. DAVADICK a/k/a Gary & Anne's Open Pantry/Uni–Mart, Debtors.**

Bankruptcy No. 87–1039.

Motion No. 87–5339M.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 5, 1988.

Michael S. Schaefer, Bethel Park, Pa., for debtors.

Christopher J. Richardson, Tucker Arensburg, P.C., Pittsburgh, Pa., for Pittsburgh Nat. Bank.

Michael J. Henny, Carolyn L. Wepfer, Ravick, Beck & Henny, Pittsburgh, Pa., for Trustee.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

Pittsburgh National Bank ("PNB") brings a Motion for Relief from Automatic

Stay. The trustee and debtors oppose the motion and raise the issue of whether PNB has perfected its security interests.

## FINDINGS OF FACT

On March 8, 1985, Gary A. Davadick ("Debtor"), as owner of Open Pantry # 24, executed a Non–Negotiable Judgment Note ("Note"), whereby Debtor borrowed $15,-874.80 from Pittsburgh National Bank ("PNB"). Contemporaneously the Debtor executed a Chattel Mortgage Security Agreement ("Security Agreement") whereby Debtor granted PNB a security interest in three freezer units to secure the indebtedness evidenced by the Note. Also executed at that time by the Debtor was an Affidavit of Business Loan ("Affidavit"), in which the Debtor swore that the name of his business was Open Pantry # 24. Open Pantry # 24 was also the name on Debtor's business checking account at PNB. Open Pantry # 24 was not a corporation or a formal partnership. It may be at best a common law partnership of husband and wife. Open Pantry # 24 was an unrecorded fictitious or trade name.

In order to induce PNB to extend credit to Open Pantry # 24, a Guaranty Agreement with Power to Confess Judgment ("Guaranty") was executed by the Secretary of Open Pantry Food Marts of Western Pennsylvania, Inc., and a Landlord's Waiver ("Waiver") was executed by the landlord of Debtor's business premises. Both the Guaranty and Waiver described Debtor's business as Open Pantry # 24. The parties did not provide an alternative name for Debtor's business listed in the Note, Security Agreement, Affidavit, Checking Account, Guaranty and Waiver.

PNB filed financing statements with the Pennsylvania Secretary of State's Office and the Office of the Prothonotary of Allegheny County, and the Financing Statements listed the Debtor's name and address as Open Pantry # 24, 5833 Library Road, Bethel Park, Pennsylvania 15102. The Financing Statements bore the signature of the Debtor. All the documents were prepared by PNB on their own printed forms. PNB is a large, sophisticated lender.

Debtor and his wife filed a Petition for Relief under Chapter 7 on April 20, 1987 under the caption Gary A. and Anne M. Davadick, a/k/a Gary & Anne's Open Pantry/Uni–Mart. Lawrence R. Ravick, Esquire, was appointed as Trustee.

PNB filed a Motion for Relief from Automatic Stay with this Court on September 21, 1987 for the purpose of enforcing its security interest in the freezer units. Debtor and the Trustee objected to PNB's motion on the grounds that PNB's security interest in the freezer units was not adequately perfected and that the Trustee's interests were superior.

The question presented to the Court is whether PNB properly perfected its security interest in the freezer units by filing Financing Statements indicating the Debtors' name as Open Pantry # 24, a fictitious or trade name and not the true name of the Debtors.

## DISCUSSION

In Pennsylvania, in order to perfect a security interest in collateral, a creditor must file a Financing Statement in compliance with the Uniform Commercial Code, 13 Pa.C.S.A. § 9402, which provides in part:

(g) Sufficiency of name of debtor.—A financing statement sufficiently shows the name of the debtor *if it gives the individual, partnership or corporate name of the debtor,* whether or not it adds other trade names of partners. (Emphasis added)

(h) Effect of minor errors.—A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

The plain language of the statute provides that the inclusion of the individual, partnership or corporate name of the Debtor is the minimum acceptable means of satisfying the "name of the debtor" requirement of 13 Pa.C.S.A. § 9403. While inclusion of a trade name *in addition* to the individual, partnership or corporate

name of the debtor would not invalidate the financing statement, the listing of only the trade name on the financing statement without also including the individual, partnership or corporate name is clearly insufficient.

Comment 7 to § 9402 further reinforces the Trustee's position that PNB's alleged perfected security interest must fail due to improper identification of the Debtor. The comment specifically states that the statute contemplates filing only in the individual name, not in a trade name, because "trade names are deemed to be too uncertain and too unlikely not to be known to the secured party or person searching the record to form the basis for a filing system." 13 Pa.C.S.A. § 9402, Comment 7. *Matter of Hinson and Hinson, Inc.*, 62 B.R. 964 (Bankr.W.D.Pa.1986).

Many courts have examined the sufficiency of financing statements and have reached varying conclusions based on the particular facts of the cases. However, the courts are in general agreement that the dispositive question to be asked in determining whether the Debtor's name has been properly listed is whether a reasonable search under the Debtor's true name would uncover the filing. *In re McCauley's Reprographics, Inc.*, 638 F.2d 117 (9th Cir.1981); *Matter of Hinson and Hinson, Inc.*, 62 B.R. at 966.

If a search under the Debtor's true name would not reveal the filing under the trade or fictitious name, then it is assumed that the searcher has not been given notice to inquire further to discover the correct identity of the debtor and the secured creditor has not met its burden of complying with the financing statement requirements. In the instant case, a reasonable search under the Debtor's true name, "Davadick", would not have revealed the name "Open Pantry # 24". Neither would a search of the fictitious name register have given notice of a relationship between Davadick and Open Pantry # 24. Thus, under 13 Pa.C.S.A. § 9402, the searcher has not been given notice to inquire further to discover the correct identity of the Debtor.

The Courts will permit minor errors only if a financing statement is not "seriously misleading". 13 Pa.C.S.A. § 9402(h). The determination as to whether a financing statement is "seriously misleading" is a factual inquiry to be determined by the trial court. *See Matter of Sounds Distributing Corporation*, 42 B.R. 274 (Bankr.W. D.Pa.1984). "The creditor must be sufficiently diligent to insure that the name on the financing statement is correct at the time the statement is signed." *Emerson Quiet Kool Corp. v. Marta Group, Inc. (In re Marta Group, Inc.)*, 33 B.R. 634, 639 (Bankr.E.D.Pa.1983).

Courts which have found a trade name filing to be sufficient have done so only when the trade name and the individual debtor's name are so similar that a searcher would be alerted that a prior security interest might exist. *See, e.g., In re Moore*, 21 B.R. 898 (Bankr.E.D.Tenn.1982); *In re Maples*, 33 B.R. 14 (Bankr.W.D.Mo. 1983). However, even these courts have cautioned that when any doubt exists, the secured creditor should always file the financing statement so that it will be indexed under the actual name of the debtor. *See In re Moore*, 21 B.R. 898 (Bankr.E.D.Tenn. 1982). The debtor's name is a vital part of the filing procedure because the debtor's name is essential to the notice filing system. *Greg Restaurant Equipment & Supplies, Inc. v. Valway*, 144 Vt. 59, 472 A.2d 1241 (1984).

PNB misses the point of the test developed by the courts as to whether a creditor is seriously misled by a filing under a trade name. It is not probative that Gary Davadick signed the bottom signature line of the financing statements in question. The Prothonotary indexes the financing statements according to the information contained in the upper left-hand corner of UCC–1 in the block entitled "Name of Debtor".

PNB argues that all the documents relating to the Debtor's business listed the name "Open Pantry # 24". This argument holds little merit since "all the documents" to which PNB refers are PNB's documents prepared on its forms by its employees.

PNB also believes that the Fifth Circuit case of *Matter of Glasco, Inc.,* 642 F.2d 793 (5th Cir.1981) addresses this issue. However, *Matter of Glasco, Inc.* is distinguishable for several reasons. In the *Matter of Glasco, Inc.,* the name Elite Boots, Division of Glasco, was used instead of the name Glasco, Inc. The Court of Appeals determined that this error was not "seriously misleading." *Glasco* involved the U.C.C. of Florida.

In the *Matter of Hinson and Hinson, Inc.,* 62 B.R. 964, a case recently decided, Judge Markovitz declined to follow the Fifth Circuit in *Glasco,* citing differences in state law adoptions of the Uniform Commercial Code. We would also cite significant factual differences in the names used here as compared to *Glasco.* In this case, the actual trade name by which the Davadicks are known in the community is disputed. The Davidicks' bankruptcy petition designated their business as "Gary and Anne's Open Pantry" or "Gary and Anne's Uni-Mart". However, even if the Court accepts the PNB disputed argument that the Davadicks held themselves out to the business community as "Open Pantry # 24", unless it can be established that the trade name was very widely known in the community, filing under a fictitious or trade name alone is suspect.

## SUMMARY

PNB's failure to adequately investigate who the actual Debtor was, to determine the manner in which the Davadicks' business was organized and to be informed as to what designation of a debtor the law mandates is unfortunate.

The purpose of the notice of filing requirements under the Uniform Commercial Code is to allow a prospective creditor to discover the existence of prior security interests of the debtor. To hold that PNB has a perfected security interest in the face of its seriously misleading designation of the Debtor on its financing statement would only serve to frustrate the underlying notice policy of the U.C.C.

PNB's designation of the Debtors by its fictitious or trade name as "Open Pantry # 24" is almost infirm on its face. It fails to comply with the requirement of 13 Pa.C.S.A. § 9402 that the financing statement set forth the true name of the debtor. The name actually used by PNB is a trade name or fictitious name. Such a trade name is seriously misleading to prospective creditors searching the secured transaction records.

Section 11 U.S.C. § 544 perfects the Trustee's rights in all property not perfected by others on the day of filing. Accordingly, the Trustee as the hypothetical bona fide lien creditor without notice assumes a position superior to PNB. Thus, PNB is relegated to the position of a general unsecured creditor. Although the result appears harsh, to hold otherwise would be to compromise the underlying policies of the U.C.C. and the Bankruptcy Code. Precision and simplicity of perfection are the values to be upheld here. Creditors are ultimately benefitted by strict adherence to the simple rules of perfection.

PNB's request for relief from the automatic stay is denied because PNB has not perfected its security interest in the subject property.

An appropriate Order will issue.