In the Matter of Earl Leon HARRIS and Edythe Sue Harris d/b/a Harris Dairy Farm, Debtors.

Bankrtupcy No. 90-1265-8B2 S-2.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 18, 1990.

James M. Heptner, Tampa, Fla., for debtor.

Chris C. Larimore, Brandenton, Fla., for trustee.

Goodbread of Fla, Inc., c/o John A. Anthony, Tampa, for movant.

ORDER DENYING GOODBREAD OF FLORIDA, INC.'S MOTION TO TERMINATE THE AUTOMATIC STAY, OR ALTERNATIVELY, FOR ADEQUATE PROTECTION

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration upon Goodbread of Florida, Inc.'s (Goodbread) Motion to Terminate the Automatic Stay, or Alternatively, for Adequate Protection. The Court reviewed the Motion

and record and finds the following facts as follows:

On October 15, 1989, Goodbread sold the Debtor, Earl Leon Harris, eighty-two productive dairy cows in the amount of $93,-965.62. (Collateral). Debtor executed and delivered to Goodbread a Note and Security Agreement for the full amount of the debt. Goodbread did not file a Financing Statement in the county where the Debtor's place of business is or where he resides. F.S. §§ 679.109(3), 679.302 and 679.-401(1)(a)(1).

On February 13, 1990, Debtor filed for relief under Chapter 12 of the Bankruptcy Code. On February 15, 1990, Debtor failed to make the payments as required by the Note and Security Agreement. This default prompted Goodbread to file this Motion for Relief from the Automatic Stay or Alternatively, for Adequate Protection.

Goodbread asserts it is "concerned that poor nutrition, illness, other forms of maltreatment, or commingling [of the Collateral] by the Debtor could materially impair the value of the Collateral while in the Debtor's possession." In addition, its secured interest in the Collateral is not being adequately protected. Therefore, Goodbread contends the automatic stay should be terminated pursuant to 11 U.S.C. § 362(d)(1) to allow Goodbread to foreclose or otherwise enforce its secured rights in the Collateral. Debtor responded to Goodbread's Motion and alleged Goodbread does not have a properly perfected security interest in the Collateral. The issue before the Court is whether Goodbread has a validly perfected security interest in the Collateral.

## DISCUSSION

In order for a secured creditor to obtain relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to foreclose or otherwise enforce its secured interest in collateral, the secured creditor must first establish it holds a validly perfected security interest in the collateral. *In re Planned Systems, Inc.*, 78 B.R. 852, 860 (Bankr.S.D. Ohio 1987). In Florida, in order to perfect an interest in farm goods, the creditor must file a financing statement "in the office of the clerk of the circuit court in the county of the debtor's place of business if he has one, in the county of his chief executive office if he has more than one place of business, otherwise in the county of his residence." F.S. §§ 679.109(3), 679.302 and 679.401(1)(a)(1).[1]

Goodbread argues it has a perfected security interest pursuant to F.S. § 534.54(4)(a) and (b) which states:

Any person, partnership, firm, corporation, or other organization which sells livestock shall have a lien on such animal and its carcass, all products therefrom, and proceeds thereof to secure all or a part of its sales price.

The lien provided in this subsection shall be deemed to have attached and to be perfected upon delivery of the livestock to the purchaser without further action, and such lien shall continue in the livestock and its carcass, all products therefrom, and proceeds thereof without regard to possession thereof by the party entitled to such lien without further perfection.

Chapter 534 of the Florida Statutes applies to a meat processor who purchases livestock from a seller. Meat processor is defined as "a person, corporation, association, or other legal entity in the business of slaughtering cattle or hogs." F.S. § 534.54(1)(b). Livestock is defined as cattle or hogs. F.S. § 534.54(1)(a). If the Court would isolate the reading of subsection (4)(a) and (b) from the rest of Chapter 534, one would suggest there was a perfected security interest in the Collateral.

---

1. According to the Bankruptcy Code, if a creditor does not properly perfect its security interest according to applicable law, the trustee, as hypothetical lien creditor, has the power to avoid the creditor's security interest and reduce the creditor's claim to an unsecured claim. 11 U.S.C. § 544. *In re Davadick*, 82 B.R. 391, 394 (Bankr.W.D.Pa.1988). At the point of avoidance, the secured creditor loses any lien it has on the collateral and is not entitled to relief from the automatic stay or adequate protection. A similar effect can take place as in this case where the issue of creditor's secured position is in question.

However, after juxtaposing subsection (4)(a) and (b) with the other provisions in Chapter 534, this Court finds the intent of F.S. § 534.54(4)(a) and (b) is to give a perfected lien to one who sells livestock to a *meat processor* only. Thus, one who sells livestock to a buyer not in the business of slaughtering livestock, i.e. a milk farmer, does not automatically obtain a perfected security interest in the collateral upon delivery.

Goodbread did not establish the Debtor is in the business of slaughtering livestock. Therefore, the Court finds Goodbread does not have a perfected security interest in the Collateral pursuant to F.S. § 534.54. In addition, inasmuch as Goodbread admits it did not file a financing statement pursuant to F.S. § 679.401(1)(a)(1), it does not have a validly perfected security interest in the Collateral under that provision of the Florida Statutes. Thus, Goodbread is not entitled to relief from the automatic stay in order to foreclose.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Goodbread of Florida, Inc.'s Motion to Terminate the Automatic Stay, or Alternatively, for Adequate Protection is denied.

DONE AND ORDERED.