In the Matter of SOUNDS DISTRIBUT-
ING CORPORATION, Debtor.

WARNER/ELEKTRA/ATLANTIC
CORPORATION, Plaintiff,

v.

SOUNDS DISTRIBUTING
CORPORATION,
Defendant.

Bankruptcy No. 84–190.
Motion No. 84–244.

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 10, 1984.

Mary Jane Trapp, Stanley E. Stein,
Cleveland, Ohio, for plaintiff.

Sanford M. Lampl, Pittsburgh, Pa., for
defendant.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy
Judge.

The matter presently before the Court is
a motion for relief from the automatic stay
or for adequate protection and other legal
and equitable relief filed on behalf of War-
ner/Elektra/Atlantic Corporation.

In its motion, Plaintiff alleges as follows.
Plaintiff supplied Debtor on account pre-re-
corded tapes and phonograph records for
purposes of distribution and resale by affil-
iated and non-affiliated retail stores.
Plaintiff asserts secured status by virtue of
its security agreement and duly filed fi-
nancing statements in connection there-
with. Plaintiff alleges that at the time of
the filing of the bankruptcy petition herein,
Debtor was indebted to the Plaintiff in the
sum of $141,202.76.

In its answer, Debtor denies that Plain-
tiff properly perfected its security interest
in accordance with the provisions of Article
9 of the Uniform Commercial Code.

The facts are as follows. On October 28,
1971, Sounds Distributing Corporation was
formed under the laws of Pennsylvania.
From 1971 through December 1983 Plain-
tiff supplied Debtor with records and tapes
on account for resale and distribution. On
November 1, 1971 a security agreement
was signed between Warner/Elektra/At-
lanta Distributing Corporation and Norton
L. Kalinsky, d/b/a Sounds Distributors,
1627 Penn, Pittsburgh, Pa. 15222 as debtor.

On or about October 11, 1973 Plaintiff
filed a UCC Financing Statement with the
Prothonotary of Allegheny County at No.
16603–1973. The financing statement list-
ed debtor's name and address as follows:
Norton L. Kalinsky d/b/a Sounds Dist.
Corp., 3701 Bigelow Boulevard, Pittsburgh,
Pa. 15213. In May, 1978 and May 1983,
continuation statements were filed. On the
continuation statements, debtor's name ap-
pears as stated above.

On March 13, 1973, Plaintiff filed a UCC
Financing Statement with the Department
of State. Debtor's name was listed thereon

as follows: Norton L. Kalinsky, d/b/a Sounds Distributors, 1627 Penn, Pittsburgh, Pa. 15222. The same name appears on continuation statements which Plaintiff filed with the State in February, 1978 and January, 1983.

Plaintiff filed amendments to the financing statements with the County and State on June 27, 1983 setting forth debtor's name as "Sounds Distributing Corporation". The amendment filed with the State also indicated that debtor's correct address was 3701 Bigelow Boulevard, Pittsburgh, Pa. 15213.

On both sets of financing statements, the collateral was described as follows: "Pre-recorded tapes and phonograph records, especially, but not limited to the following trademarks (also known in the trade as labels); Warner Bros., Atco, Reprise, Elektra, Cotillion, Atlantic, Nonesuch, San Francisco, and Bluestime" together with "proceeds" and "products of the collateral".

Sometime after incorporation, Debtor also entered into a Sub-Distributor Agreement dated November 15, 1971 with Warner/Elektra/Atlantic. In that document, debtor's name appears as "Sounds Distributing Corp.", 1627 Penn Avenue, Pittsburgh, Pa. 15222.

On January 27, 1984 Sounds Distributing Corp. filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Attached to Debtor's petition for relief is a list of the twenty largest unsecured creditors. Among those listed is Plaintiff herein in the amount of $137,261. Warner Elektra is not listed as a creditor on Debtor's schedules.

At the hearing on this matter, Counsel for the Debtor argued that Plaintiff's security interest was not properly perfected in accordance with the provisions of the Uniform Commercial Code, for the financing statements filed with the County and State did not bear Debtor's accurate name. Parties were asked to submit a stipulation and briefs on the issue of sufficiency of the financing statement.

In its brief, Plaintiff argues that its claim against Debtor is properly secured through a security agreement and UCC Financing Statement; and cites *Matter of Hemminger* 20 B.R. 357 (Bkrtcy.W.D.Pa. 1982) in support of its position. Therein this Court held that a financing statement filed under a debtor's true name continues to be effective even though debtor's trade name changes after the financing statement is filed. Therein, the Court found that the description of the collateral was not insufficient or misleading. The Court stated that the Uniform Commercial Code as adopted in Pennsylvania does not require a secured creditor to amend a financing statement subsequent to a debtor's change of trade name.

However, since the *Matter of Hemminger, supra,* was decided, Pennsylvania has enacted the 1972 version of Article Nine of the Uniform Commercial Code. 13 Pa.C. S.A. § 9402(g) (1979, Nov. 1, P.L. 255, No. 86, § 1, effective Jan. 1, 1980. As amended 1982, Nov. 26, P.L. 696, No. 201, § 1, effective in 180 days). While the dispute at bar is governed by the prior version of § 9402, the Court nonetheless wishes to examine the new provisions:

Section 9402(g) provides in part as follows:

> (g) ... Where the debtor so changes his name, or in the case of an organization its name, identity, or corporate structure that a filed financing statement becomes misleading, the filing is not effective to perfect a security interest in collateral acquired by the debtor more than four months after the change, unless a new appropriate financing statement is filed before the expiration of that time.

While the new version of § 9402 requires the secured party to amend a financing statement which becomes misleading because of a subsequent change in debtor's name or structure, the prior version contains no such requirement. Even under

the more stringent version of the UCC, the Court is satisfied that amendments were unnecessary in the case at bar, for the financing statements were not misleading. As stated by the Fifth Circuit in *Matter of Glasco, Inc.* 642 F.2d 793, 31 U.C.C.Rep. 16 (5th Cir.1981).

> Perfect accuracy, however, is not required as long as the financing statement contains sufficient information to put any searcher on inquiry... The emphasis of the Uniform Commercial Code is thus on commercial realities rather than on corporate technicalities. (citations omitted)

Further, § 9402(h) provides as follows:

> A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

Whether or not a financing statement is "seriously misleading" is a factual inquiry which should be determined by the trial court. *In re West Coast Food Sales, Inc.* 637 F.2d 707, 30 U.C.C.Rep. 797 (9th Cir.1981).

In the case at bar, the Court is satisfied that the financing statements designating debtor as "Norton L. Kalinsky, d/b/a Sounds Dist. Corp."; and "Norton L. Kalinsky, d/b/a Sounds Distributors" were not seriously misleading to those creditors in search of encumbrances of "Sounds Distributing Corporation". Plaintiff's financing statements substantially comply with the requirements of Article 9 of the Uniform Commercial Code; and the filing and continuation of the same were sufficient to perfect Plaintiff's security interest in the collateral specified therein.

Based upon the foregoing, the Court grants the relief requested by Plaintiff in its motion for relief from the automatic stay. An appropriate order will be entered.