542 A.2d 539

**PEOPLES BANK OF WESTERN PENNSYLVANIA, Appellant,**

v.

**GALLIKER DAIRY COMPANY.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1988.

Filed April 28, 1988.

Reargument Denied June 21, 1988.

---

148

Allen L. Palmer, New Castle, for appellant.

Thomas A. Young, Johnstown, for appellee.

Before BROSKY, WIEAND and DEL SOLE, JJ.

BROSKY, Judge:

This is an appeal from an order granting appellee's Motion for summary judgment and denying appellant's Motion for summary judgment.

Appellant questions the propriety of the entry of summary judgment in favor of appellee instead of it in terms of (1) whether the law in effect at the time required the filing of amended financing statements when the debtor changes name or corporate structure or transfers the subject collateral to a newly created entity; and (2) whether the amended financing statements are sufficient to preserve a secured party's lien against a subsequent purchaser of the subject collateral when the amended financing statements are unsigned by the debtor and misindexed by the Prothonotary.

We reverse the order granting appellee's Motion for summary judgment and denying that of appellant's and vacate and remand for entry of summary judgment in favor of appellant and against appellee.

The undisputed facts are as follows. In 1977, appellant loaned the sum of $38,500.00 to one Roger C. Eddy, doing

business as Marshall Manufacturing (hereinafter "Eddy"), located at One Shenango Street, New Castle, Pennsylvania. To secure the loan, Eddy executed a security agreement in the nature of a chattel mortgage granting appellant a security interest in all machinery, equipment, fixtures and parts owned or thereafter acquired by Eddy, including any proceeds. Appellant filed copies of the requisite financing statement with the Prothonotary of the Court of Common Pleas of Lawrence County and with the Secretary of the Commonwealth to perfect its interest in the said collateral.

In 1978, appellant again transacted a loan with Eddy in the amount of $130,000.00. Eddy conveyed to appellant a security interest in all accounts receivable, equipment, proceeds and stock then owned and thereafter acquired by Eddy as collateral for the said loan. Once again, appellant filed the requisite copies of a financing statement with the Prothonotary and the Commonwealth Secretary, as aforesaid, to perfect its interest in the stated collateral.

In 1980, Eddy participated as an incorporator in the incorporation of Shenango Enterprises, Inc. (hereinafter "Shenango") located at One Shenango Street, New Castle, Pennsylvania, which is the same address given for Eddy on the subject security agreements and financing statements.

It was not until January 1981 that appellant discovered that Shenango was in possession of collateral which was the subject of the aforesaid security interests of appellant. As a result, appellant demanded that Shenango enter into assumption agreements for each of the two loans transacted between appellant and Eddy. In these agreements, Shenango, *inter alia*, acknowledged and assumed Eddy's obligations to appellant and, in consideration for appellant's consent to the transfer of the subject collateral from Eddy to Shenango, Shenango agreed to execute and file new financing statements. Shenango failed to execute and file the financing statements. Subsequently, in February and April 1981, appellant filed an amendment to the financing statements previously lodged with the Prothonotary and the

Commonwealth Secretary evidencing a change in the name of the debtor from Eddy to Shenango.

Appellant then learned that Shenango had sold to appellee a Uniloy Model No. 5710, Serial No. 2234, blow molding machine for $107,000.00 in March 1982. The said blow molding machine was part of the collateral subject to appellant's security interests. Shenango had apparently defaulted on the loans for which it had become responsible under the assumption agreements entered into between it and appellant. Accordingly, on December 9, 1982, appellant demanded that appellee surrender to it the subject blow molding machine. When appellee refused appellant's demand, the latter instituted an action in replevin against appellee for possession of the said machine or, alternatively, for damages in the amount of the value of the equipment to the extent of appellant's security interests.

After the pleadings closed, both appellant and appellee filed their respective Motions for summary judgment and accompanying affidavits. The trial court, after argument and submission of briefs, entered an Order granting appellee's Motion and denying appellant's Motion premising its disposition on the failure to file *new* financing statements executed by Shenango, the lack of execution by Shenango of the *amended* financing statements which appellant did file, thus, according to the trial court, obviating perfection of any security interest of appellant in the collateral transferred to Shenango, and the failure of the Prothonotary of the Lawrence County Common Pleas Court to properly index the amended financing statements evidencing the change in the name of the debtor to Shenango. This timely appeal followed.

We state from the outset that we have no quarrel with the trial court's determination of this matter as one properly calling for disposition by summary judgment. Rather, our disagreement lies with the trial court's decision to grant appellee's Motion instead of appellant's. Both appellant and appellee filed Motions for summary judgment. Their respective motions were based upon the uncontroverted

pleadings and were supported by affidavits. Summary judgment may be had where the pleadings and supporting affidavits manifest the lack of a genuine issue of material fact, and the movant is therefore entitled to judgment as a matter of law. *Rossi v. Pennsylvania State University*, 340 Pa.Super. 39, 489 A.2d 828 (1985); Pa.R.C.P. 1035(a), (b).

Reduced to its most elemental components, appellant's arguments may be summarized as follows: First, a *new* financing statement was not required when Shenango assumed the obligations of Eddy, or, in other words, the *amended* financing statements filed by appellant for the purpose of manifesting the change in name of the debtor, only, were sufficient to preserve the perfected security interests appellant already had in the subject collateral. Secondly, these *amended* financing statements filed by appellant did not also require execution by Shenango. Lastly, the misindexing or nonindexing of these *amended* financing statements by the Prothonotary did not fail to give notice to appellee of appellant's perfected status in the collateral even though the former was unable, because of this misindexing or nonindexing by the Prothonotary, to ascertain the existence of any perfected interest against Shenango, as debtor. Our reading of the version of the Uniform Commercial Code in existence at the time of the subject transactions [1] and the applicable case law satisfies us that the trial court erred in entering summary judgment in favor of appellee.

 From our reading of the version of Article Nine of the Uniform Commercial Code (hereafter "the Code") in effect at the time the assumption agreements were executed, the amended financing statements changing the

---

1. We must point out that the Act of November 1, 1979, P.L. 255, No. 86, effective January 1, 1980, 13 Pa.C.S.A. § 9101 *et seq.*, necessarily governs here because of the time frame during which the transactions involving Shenango, appellant and appellee took place. The legislation presently controlling Article Nine transactions under the Uniform Commercial Code is evidenced by the Act of November 26, 1982, P.L. 696, No. 201, effective May 25, 1983, and the Act of July 1, 1983, P.L. 29, No. 17, effective the date of enactment, 13 Pa.C.S.A. § 9101 *et seq.*

name of the debtor were filed by appellant and the sale of the machinery to appellee was effected, we are unable to glean any language therein requiring a secured creditor to amend, refile or rerecord a financing statement subsequent to a debtor's change of trade name. This is so because the version of the Code then applicable imposed no such duty. *In the Matter of Hemminger,* 20 B.R. 357 (W.D.Pa.1982); *In re Grape Arbor, Inc.,* 6 U.C.C.Rep.Serv. 632 (E.D.Pa. 1969) (similar absence in prior law, Act of April 6, 1953, P.L. 3, § 9–101, effective July 1, 1954, *reenacted,* Act of October 2, 1959, P.L. 1023 § 9, effective January 1, 1960, *as amended, in* 12A P.S. § 9–101 *et seq.*) *Accord In the Matter of Sounds Distributing Corp.,* 42 B.R. 274 (Bkrtcy.W.D.Pa. 1984).

Since the version of Article Nine of the Code then in effect is silent in this regard and the case law interpreting the requirements for the filing of a financing statement pursuant to then 13 Pa.C.S.A. § 9402 buttresses this notion, we are not inclined to engraft onto that version of the Code any such provision. This is solely a legislative prerogative. Accordingly, since appellant was under no duty to obtain *any* financing statements from Shenango upon the latter's assumption of Eddy's obligations, it logically follows that Shenango was not under any corresponding duty to affix its signature to *any* financing statement.

This brings us to appellant's next argument that the amended financing statements filed by it evidencing the change in the name of the debtor from Eddy to Shenango (Exhibits G1, G2, H1, and H2) were sufficient to preserve appellant's perfected security interests in the subject collateral after Shenango, by agreement, assumed Eddy's obligation to appellant. Since appellant's amended financing statements and the assumption agreements entered into by Shenango and appellant did not evince the addition of any collateral, appellant's security interests in the subject collateral continued to be perfected. This is so because no provision of Article Nine of the Code in effect at the time necessitated a new rerecorded, refiled or amended financing

statement to continue perfection in a situation where only the name of the debtor had been changed without the addition of any collateral. *In the Matter of Sounds Distributing Corp., supra; In the Matter of Hemminger, supra.*

Appellee counters that even conceding that appellant's security interests in the subject collateral remained perfected despite the name change of the debtor and notwithstanding the failure to file new financing statements signed by Shenango, the lack of Shenango's signature on the amended financing statements filed by appellant to indicate the change of name in the debtor nevertheless rendered appellant's interest in the subject collateral unperfected. It is true that Section 9402(d) of the then existing version of the Code, 13 Pa.C.S.A. § 9402(d), speaks of financing statements as including the original statement and any amendments thereto. However, no further elaboration is made except with regard to the addition of collateral. Moreover, examination of the applicable regulations promulgated by the Commonwealth Department of State governing the filing of financing statements pursuant to the version of the Code then in effect [2] reveals the following:

§ 55.3. Amendment of a financing statement.

(a) A financing statement may be amended by filing in the Department Form DSCB: UCC–3, Uniform Commercial Code—Financing Statement Change, together with any supplementary pages. If the amendment adds collateral, the signature of both the debtor and the secured party is required.

19 Pa.Code § 55.3 (emphasis added). Subsection (b) thereof states that Section 55.3(a) operates as an exception to Section 55.2 which also governs the filing of amended financing statements.

**2.** The regulations of the Department refer to Sections of the Code under the prior law, Act of April 6, 1953, P.L. 3, § 9–101, effective July 1, 1954, *reenacted,* Act of October 2, 1959, P.L. 1023, § 9, effective January 1, 1960, *as amended, in* 12A P.S. § 9–101 *et seq.* However, the language of the sections pertinent here has not changed.

In addition, we see that the regulations of the Department of State also denominate the forms approved by the Department for the purpose of filing financing statements. With regard to that used for the filing of amendments, the applicable regulation provides:

§ 55.101. Official forms.

The following forms have been promulgated under the provisions set forth in this Chapter:

. . . . .

(2) Form DSCB:UCC–3 (Uniform Commercial Code–Financing Statement Change).

19 Pa.Code § 55.101. Section 55.101 of the Department regulations then sets forth the approved form for the filing of amended financing statements. A copy of this approved form is appended to this Opinion.

As can be readily ascertained from inspection, Part 6E of this approved form contains a block to be checked if the filer desires to amend a financing statement previously filed with the Department. Most pertinent to the case at bar, Part 6E, denominated "Amendment", then instructs the filer as follows: "(Signature of Debtor is required if Collateral is added.)" 19 Pa.Code § 55.101, DSCB:UCC–3 (emphasis added). This directive is, of course, not only consonant with the language appearing in Section 55.3 relative to the filing of an amendment to a financing statement, 19 Pa. Code, § 55.3; we are also persuaded that this is a clear, unequivocal expression of intent to require the signature of the debtor *only if* collateral is added. Stated another way, we are of the view that the signature of the debtor is not required to be affixed to any amendment to a financing statement if collateral *is not* added. From the record, we discern no indication of additional collateral in the transaction where Shenango assumed the obligations of Eddy to appellant and that the standard Form DSCB:UCC–3, approved by the Commonwealth Department of State (Exhibits G1, G2, H1, and H2), was utilized by appellant here to file the applicable amendments indicating the change in the name of the debtor from Eddy to Shenango, to its financing

statements previously filed with the Commonwealth Department of State and the Prothonotary of the Lawrence County Court of Common Pleas, respectively. On this basis, we are satisfied that Shenango was not required to execute the subject amended financing statements (Exhibits G1, G2, H1 and H2).

■ The premise for appellant's final argument—that it should not bear the responsibility for appellee's lack of knowledge that the blow molding machine which appellee purchased from Shenango was subject to security interests held by appellant—is the failure of the Prothonotary of Lawrence County to index the amended financing statements under the name of Shenango, thus precluding appellee from ascertaining the status of Shenango's title to the collateral in question. Appellant correctly asserts, and appellee does not strenuously contest on appeal that, pursuant to Section 9403(a) of the version of the Code then in effect, 13 Pa.C.S.A. § 9403(a) appellant's responsibility for ensuring the correctness of the filing ends with its presentation of the amended financing statement and the tendering of the filing fee therefor to the appropriate filing officer. *See In the Matter of Royal Electrotype Corp.*, 485 F.2d 394 (3d Cir.1973) (interpreting identical language in the prior law, Act of April 6, 1953, P.L. 3, § 9–101, effective July 1, 1954, *reenacted,* Act of October 2, 1959, P.L. 1023, § 9, effective January 1, 1960, *as amended in* 12A P.S. § 9–403(1), and Comment following Section 9–407, 12A P.S. § 9–407).

■ Section 9401(a)(3) of the then applicable version of the Code, 13 Pa.C.S.A. § 9401(a)(3), indicates that the proper places to file a financing statement when the transaction and subject collateral are of the type here involved are with the Secretary of the Commonwealth and the Prothonotary of the county of the debtor's place of business. We also find that Section 9403(d) of the then existing version of the Code, 13 Pa.C.S.A. § 9403(d), directs, with respect to the duties of a filing officer, that "the filing officer shall index the [financing] statements according to the name of the debtor.... The Secretary of the Commonwealth *shall not*

*be required to index the [financing] statement according to the name of the secured party."* (Emphasis supplied). We believe that a reading of this latter statement fairly and logically leads to the conclusion that the Secretary *is* required to index financing statements filed with it according to the names of the debtors.

Although the term "filing officer" is nowhere defined in the Code, we are satisfied from the foregoing reference to the Secretary of the Commonwealth in conjunction with filing requirements that the Secretary is denominated a "filing officer" for the purpose of the Code. Moreover, Section 55.3(d) of the regulations of the Department of State, 19 Pa.Code § 55.3(d), states that the "financing statement will be utilized by the Department for index purposes...."[3]

▮ It appears from the record before us that both the original and amended financing statements were obviously filed with the Secretary of the Commonwealth pursuant to Section 9401(a)(3) of the version of the Code then effective, 13 Pa.C.S.A. § 9401(a)(3). (Exhibits G2, and H2). It is equally apparent that the Secretary, pursuant to Section 9403(d) of the then effective version of the Code, 13 Pa.C. S.A. § 9403(d), and Section 55.3(d) of its own regulations, 19 Pa.Code § 55.3(d), is required to index the filed statements by the name of the debtor.

The trial court and both parties argue that the Prothonotary of Lawrence County failed to index the amended statements filed with it under the name of Shenango, from whom appellee purchased the subject machinery. From this dereliction, appellee posits the argument that it could not have known of Shenango's status *vis a vis* the collateral in question since Shenango's name did not surface in the Prothonotary's index. However, this contention misses its

**3.** The version of the Code then in effect at the time of the subject transactions, makes reference, as do we, to the filing officer as the Secretary of the Commonwealth. The Departmental regulations refer to filing with the Department of State. Section 206 of the Administrative Code of Pennsylvania, 71 P.S. § 66, designates the Secretary of the Commonwealth as the head officer of the Department of State.

mark. Since it is not asserted by either party or the trial court that the Secretary of the Commonwealth was guilty of the same transgression as the Prothonotary of Lawrence County, we can only assume that the Secretary quite properly performed its statutorily and regulatorily mandated duty to index the amended financing statements filed with it under the name of the debtor, Shenango. Whether it had performed this function could have been readily ascertained by appellee by taking advantage of the provision contained in Section 9407 of the effective version of the Code, 13 Pa.C.S.A. § 9407. The applicable provision states:

§ 9407. Information from filing officer

. . . . .

(b) Furnishing certificates and copies.—Upon request of any person, the filing officer shall issue his certificate showing whether there is on file on the date and hour stated therein, any presently effective financing statement naming a particular debtor and any statement of assignment thereof and if there is, giving the date and hour of filing of each such statement, the file number thereof and the names and addresses of each secured party therein.

The identical language appears in Section 55.10(a)(2) of the Department regulations, 19 Pa.Code § 55.10(a)(2). Thus, appellee's proffer of ignorance is unfounded as would be any contest to the effect of Section 9402(e) of the version of the then existing Code, 13 Pa.C.S.A. § 9402(e), which provides that a financing statement, if filed in substantial compliance with that section, is not seriously misleading notwithstanding minor errors. That appellee's inquiry stopped at the Prothonotary's doorstep does not give rise to any indicia that it was seriously misled and certainly fails to lend credence to appellee's position that it was ignorant of Shenango's status *vis a vis* the subject machinery.

Appellee contends that despite the Prothonotary's omission, the amended financing statements filed by appellant evincing a change in the name of the debtor would have been valid, nonetheless, under Section 9403(a) of the version

of the Code then in existence, 13 Pa.C.S.A. § 9403(a), but for the absence of the execution thereof by Shenango. However, we have already concluded that due to the nature and purpose of the amended statements, the signature of the debtor, Shenango, was unnecessary. Hence, we will not elaborate further on this point.

No genuine issue of material fact existing on the record, the order granting summary judgment in favor of appellee is vacated and reversed and the matter is remanded for entry of summary judgment in favor of appellant. Jurisdiction is not retained.

Pt. I

19 § 55.101 DEPARTMENT OF STATE

Uniform Commercial Code—FINANCING STATEMENT CHANGE—Form DSCB:UCC-3

IMPORTANT—Read instructions on back before filling out form.

This STATEMENT is presented to a filing officer for filing pursuant to the Uniform Commercial Code

1. Debtor(s) (Last Name First) and Address(es)

2. Secured Party(ies) Name(s) and Address(es)

No. of Additional Sheets Presented

3. Maturity Date (optional)

4. For Filing Officer: Date, Time, No., Filing Office

5. This statement refers to original Financing Statement No. _____ filed (date) _____

6.
A. Continuation The original Financing Statement bearing the above file number is still effective

B. Termination The Secured Party of record no longer claims a security interest under the Financing Statement bearing the above file number

C. Release From the Collateral described in the Financing Statement bearing the above file number the Secured Party of record releases the following

D. Assignment The Secured Party of record has assigned the Secured Party's rights in the property described below under the Financing Statement bearing the above file number to the assignee whose name and address are shown below

E. Amendment The Financing Statement bearing the above file number is amended as set forth below. Signature of Debtor's required if Collateral is added.

Section _____ Block _____ Lot _____

Filing Fee all items ¶ 6 - $5.00

By _____ (Signature(s) of Debtor(s)) (only on amendment)

By _____ (Signature(s) of Secured Party(ies))

(1) FILING OFFICER COPY - NUMERICAL

FORM DSCB UCC-3 (Rev 8-72)—Approved by the Department of State of the Commonwealth of Pa